IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Veronica I. Givens,           )
                              )
     Plaintiff,               )
                              )
          v.                  )          1:09cv1096 (JCC/TCB)
                              )
Citibank, N.A., *et al.*,     )
                              )
     Defendants.              )


**M E M O R A N D U M    O P I N I O N**

This matter is before the Court on Defendant Citibank,
N.A.'s ("Defendant" or "Citibank") Motion to Dismiss *pro se*
plaintiff Veronica I. Givens's ("Plaintiff" or "Givens")
complaint ("Complaint") pursuant to Federal Rule of Civil
Procedure 12(b)(6).  For the following reasons, the Court will
grant Defendant's Motion to Dismiss.

### I. Background

This case appears to arise out of a certain negotiable
instrument regarding Plaintiff's property and related mortgage
transactions.  On September 29, 2009, Plaintiff, *pro se*, filed a
complaint against Defendants Citibank, Edward J. Kelly as
President and Chief Operating Officer or assignee, and John C.
Dugan as Comptroller of Currency (collectively "Defendants") (the
"Complaint") based on Defendants' "fraudulent and illegal
activity" in violation of various state and federal statutes.

1

[Dkt. 1]; (Compl. at 1.)  Specifically, the Complaint alleges that Citibank is the holder "of a fraudulent illegal transaction that is voidable" and Directors of Citibank "cannot prove [that] they made a loan" in accordance with "the laws of 13 STAT 99 which they are on record as oathed to uphold such laws."  (Compl. at 2.)  On March 18, 2010, Defendant moved to dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 8.]  Plaintiff filed her opposition titled "Motion in Answer to Respondent[']s Motion to Dismiss" on April 8, 2010. [Dkt. 12.]  Defendant's Motion included proper notice pursuant to Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  On May 10, 2010, the Court issued an order giving the parties an opportunity to submit a short supplemental brief regarding the question of subject matter jurisdiction in this case by May 21, 2010.  Neither party exercised the option to do so.  Defendant's Motion to Dismiss is before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994) (citation omitted).  In deciding a Rule 12(b)(6) motion, a court must take "the material allegations of the complaint" as admitted and liberally construe a complaint in favor of a plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421

(1969) (citation omitted).  Additionally, a court should be
mindful of the liberal pleading standards under Rule 8, which
require only "a short and plain statement of the claim showing
that the pleader is entitled to relief."  Fed. R. Civ. P. 8.
While Rule 8 does not require "detailed factual allegations," a
plaintiff must still provide "more than labels and conclusions"
because "a formulaic recitation of the elements of a cause of
action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct.
1955, 1964-65 (2007) (citation omitted).  Indeed, the legal
framework of a complaint must be supported by factual allegations
that "raise a right to relief above the speculative level."  *Id*.
at 1965.

In *Ashcroft v. Iqbal*, 129 S.Ct 1937 (2009), the Supreme
Court expanded upon *Twombly* by articulating the two-pronged
analytical approach to be followed in any Rule 12(b)(6) analysis.
First, a court must identify and reject legal conclusions
unsupported by factual allegations because they are not entitled
to the presumption of truth.  *Id.* at 1951.  "[B]are assertions"
that amount to nothing more than a "formulaic recitation of the
elements" do not suffice.  *Id.* (citations omitted).  Second,
assuming the veracity of "well-pleaded factual allegations," a
court must conduct a "context-specific" analysis drawing on "its
judicial experience and common sense" and determine whether the
factual allegations "plausibly suggest an entitlement to relief."

*Id.* at 1950-51.  The plausibility standard requires more than a showing of "a sheer possibility that a defendant has acted unlawfully."  *Id.* at 1949.  In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 1949.

### III. Analysis

As an initial matter, the Court notes that it construes the *pro se* Complaint in this case more liberally than those drafted by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Khozam v. LSAA, Inc.*, 2007 WL 2932817 (W.D.N.C. 2007).  Further, the Court is aware that "[h]owever inartfully pleaded by a *pro se* plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief."  *Thompson v. Echols*, 1999 WL 717280 at *1 (4th Cir. 1999) (citing *Cruz v. Beto,* 405 U.S. 319 (1972)).  Nevertheless, while *pro se* litigants cannot "be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).  Thus, even in cases involving *pro se* litigants, as in here, the Court "cannot be expected to construct full blown

claims from sentence fragments."  *Id.* at 1278.

A.  42 U.S.C. § 1983

Based on the title of her Complaint, Plaintiff appears to file this action pursuant to 42 U.S.C. § 1983, which allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  To state a section 1983 violation, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001).  Defendant Citibank submits that because it is a private corporation, rather than a state actor, Plaintiff's section 1983 claim against it should be dismissed. (Def.'s Mem. in Supp. of its Mot. to Dismiss ("Def.'s Mem.") at 3.)

Upon careful review of the allegations in the Complaint, the Court finds that the Complaint fails to allege any action taken by Defendant under color of state law.  "To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State." *Debauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999) (internal citations and quotations omitted).  Further, "[t]he person charged must either be a state actor or have a

sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *Id.* (internal citations omitted). The crux of the Complaint appears to allege fraudulent action by Defendant in connection with the "negotiable instrument note" into which Defendant and Plaintiff entered. Based on the allegations contained in the Complaint, the Court simply does not see a sufficient, if any, nexus between the state and this alleged fraudulent action taken by Defendant. Thus the Court will dismiss Plaintiff's claims to the extent that they were brought pursuant to section 1983 because she failed to establish that Defendant acted under color of state law.

## B. 28 U.S.C. §§ 1343, 1352, and 1442

The Complaint also appears to allege, without any explanation or supporting facts, that Plaintiff's causes of action arise under 28 U.S.C. §§ 1343[1], 1352[2] and 1442[3]. (Compl.

---

[1] 28 U.S.C. § 1343(3) provides for original jurisdiction of the district court "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States."

[2] 28 U.S.C. § 1352 provides "[t]he district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States, except matters within the jurisdiction of the Court of International Trade under section 1582 of this title."

[3] 28 U.S.C. § 1442(1) provides "[a] civil action . . . commenced in a State court against [the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed

at 2.)  The Court's review of the statutory language as well as Plaintiff's Complaint reveals that these sections are inapplicable to the case at issue because Defendant is not a state actor.  The Complaint also fails to allege that any bond was executed under any law of the United States.  Thus, the Court will dismiss Plaintiff's claims to the extent that they arise under 28 U.S.C. §§ 1343, 1352, and 1442.

### C.  National Bank Act of 1864 (Chapter 106, 13 STAT. 99)

The Complaint alleges that Defendant "is subject to [t]he National Bank Act" and that "[t]he Directors involved in the transactions of CITIBANK NA herein noted as the holders of a note/bond are oathed to abide by the laws of CITIBANK NA  . . . and have violated their oath which is held at the Office of the Comptroller of Currency of the United States."  (Compl. at 2.) Specifically, Plaintiff alleges that Defendant violated the National Bank Act of 1864 (the "the National Bank Act") when it, through its agent, "materially altered a contract without the consent of [Plaintiff], committed Fraud in the factum, rendering the transaction illegal . . ."  (Compl. at 10.)  Additionally, the Complaint alleges that, in violation of the National Bank Act's prohibition against entering into mortgage agreements for

---

under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending."

real estate beyond 5-year period, Citibank entered into "a 10[-] year mortgage which by operation of law is fraudulent." (Compl. at 11.)

The Court cannot be expected to discern, and in fact, cannot discern, which sections of the National Bank Act Plaintiff is invoking based on the convoluted allegations contained in the Complaint. Additionally, Plaintiff provides no case law or supporting facts to show that she has a private right to sue Defendant under the National Bank Act. Thus, the Court will dismiss Plaintiff's claims to the extent that they arise out of the violation of the National Bank Act.

D.  Fraud in the Factum

In the Complaint, Plaintiff also spells out "real defenses" presumably to nullify any security interest that Defendant may have in Plaintiff's property through possession of the note – fraud in the factum. (Comp. 10-11.) In her attempt to make out the defense of "fraud in the factum," Plaintiff alleges that Citibank failed to provide consideration for the loan transaction by passing "on a paper asset with no real value," and that Defendants illegally entered into "mortgage agreements for real estate beyond a 5[-]year period" which "by operation of law is fraudulent." (Compl. at 11.) The Complaint also alleges that the instrument was materially altered and thus is void. (Compl. at 2.)

In Virginia, "fraud in the factum is synonymous with fraud in the execution." *Lucas v. Thompson*, 2003 WL 483831, 3 (Va. Cir. Ct. 2007) (citing Black's Law Dictionary 267 (Pocket Edition 1996)). Accordingly, to state "fraud in the factum" or "fraud in the execution," Plaintiff must allege either that "the instrument was misread to [her], or [her] signature was obtained to a different instrument from the one [s]he intended to sign." *Id.* (citing *Sager v. Rawleigh Co.*, 152 Va. 514, 150 S.E. 244 (Va. 1929)). Further, Virginia Code § 8.3A-407 "provides for discharging the maker's obligation on a note where there has been an alteration by the holder which is fraudulent and material." *Business Bank v. Plank*, 710 F.Supp. 619, 621 (E.D. Va. 1989). To support a finding of fraudulent alteration by the holder, it "must involve some type of *actual fraud, dishonesty or deceit*." *Id.* at 622 (emphasis added).

Here, Plaintiff simply alleges that she was "under the impression that through mortgaging, conveying, and providing an interest in [her] property that [she] was receiving a loan." (Compl. at 11.) Federal Rule of Civil Procedure 9(b) provides that when alleging fraud or deceit, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In other words, Plaintiff must state with particularity "the time, place, and contents of the false representations, as well as the identity of the person making the

9

misrepresentation and what he obtained thereby" to meet this heightened pleading standard under Rule 9(b). *In re Mut. Funds Inv. Litig.*, 566 F.3d 111, 120 (4th Cir. 2009). Plaintiff here alleges, without specifying "the time, place, and contents of misrepresentations," that Defendant "entered into mortgage agreements [with her] for real estate" that is "by operation of law . . . fraudulent" to support her allegation of fraud. (Compl. at 11.) Further, Plaintiff failed to allege sufficient facts to show actual fraud, dishonesty or deceit to bolster her claim of material alteration.

Thus, the Court concludes that Plaintiff here failed to state the circumstances surrounding her fraud in factum claim with the particularity required under Rule 9(b) and will accordingly dismiss Plaintiff's "fraud in the factum" and "material alteration" claims.

### IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

An appropriate Order will issue.

June 3, 2010                                    /s/
Alexandria, Virginia              _____
                                     James C. Cacheris
                           UNITED STATES DISTRICT COURT JUDGE